**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ENDER OSORIO-PIZARRO,**

                        **Plaintiff,**

    v.                                                                   **9:16-CV-156**
                                                                                **(TJM/ATB)**

**KIM BURDO,** *et al.*,

                        **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


**DECISION & ORDER**

**I.**     **INTRODUCTION**

Plaintiff brought this *Bivens* action claiming that he was denied constitutionally adequate medical care while he was incarcerated at several facilities operated by the Federal Bureau of Prisons. Complaint ("Compl."), Dkt. No. 1. Presently before the court is defendants' motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). Mot., Dkt. No. 24. The matter was referred to the Hon. Andrew T. Baxter, United States Magistrate Judge, for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). Magistrate Judge Baxter recommends that the motion be denied, and that plaintiff's request for injunctive relief be dismissed *sua sponte* as moot. Report-Recommendation (Rep.-Rec.), Dkt. No. 26, at 16. Defendants object to the recommendations relative to the Rule 12(b)(6) motion. Obj., Dkt. No. 27.

1

## II. STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1). "[O]bjections . . . must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Machicote v. Ercole*, 2011 WL 3809920, at *2 (S.D.N.Y., Aug. 25, 2011)(citations and interior quotation marks omitted). "[W]hen an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." *Fisher v. Miller*, No. 916CV1175GTSATB, 2018 WL 3854000, at *3 (N.D.N.Y. Aug. 14, 2018). After reviewing the report and recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

## III. BACKGROUND[1]

Plaintiff alleges that while a pre-sentence detainee at Metropolitan Detention Center ("MDC") Guaynabo in Puerto Rico, he injured his knee playing basketball in November 2012. Compl. at 8. This injury caused him "extreme pain," and made it "extremely difficult" for him to walk. *Id.* Plaintiff requested an MRI, but unidentified medical staff at MDC

---

[1] The Court repeats Magistrate Judge Baxter's summary of the facts alleged by plaintiff in the complaint to provide background for the objections. *See* Rep.-Rec., at 1-3.

Guaynabo denied his request. *Id.* Plaintiff was eventually seen by medical staff on April 3, 2013, and again complained of pain and difficulty walking. *Id.* He was treated with pain medication, but staff again denied his request for an MRI. *Id.*

In July 2013, plaintiff was transferred to Federal Correctional Institution ("FCI") Fort Dix, in New Jersey. *See* Inmate History Form at 2. Medical staff re-evaluated his knee in October 23, 2013, and referred plaintiff to an orthopedic surgeon. Compl. at 8-9. An orthopedic surgeon recommended an MRI, which was performed in March 2014. *Id.* at 9. The MRI showed a chronic ACL tear. *Id.* On June 3, 2014, a surgeon confirmed the tear and recommended surgery. *Id.* Instead, medical staff at FCI Fort Dix treated plaintiff with physical therapy, and his extreme knee pain continued. *Id.*

On August 5, plaintiff was transferred to FCI Danbury, in Connecticut. *See* Inmate History Form at 1. While there, he was seen by an orthopedist, who recommended knee surgery. *Id.* Medical staff at FCI Danbury informed plaintiff that he would be scheduled for surgery to repair his ACL, but this surgery did not occur prior to his transfer to FCI Raybrook. *Id.*

Plaintiff was transferred to FCI Raybrook in August 2015. *See* Inmate History Form at 1. During intake, plaintiff advised defendant Burdo, a Health Services Administrator for the Bureau of Prisons, that he had experienced knee pain and difficulty walking for the past two years. Compl. at 9-10. He also explained that he had been scheduled for knee surgery at FCI Danbury. *Id.* at 10. Burdo told plaintiff that "he was not going to get surgery done at tax payers [*sic*] expense, and that when he got out of prison he could get the surgery done, and pay for it himself." *Id.* As of January 26, 2016, the date of the complaint, plaintiff had not received knee surgery, and experienced "continued pain." *Id.*

3

## IV. DISCUSSION

### a. Qualified Immunity

Defendants object to Magistrate Judge Baxter's recommendation to deny Burdo qualified immunity. As defendants correctly state, qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was "clearly established" at the time of the challenged conduct. Obj. at 3 (citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Defendants argue that "[t]he limited facts Plaintiff pleads that relate to Burdo fail to overcome qualified immunity under both prongs of the analysis." *Id.* The Court disagrees.

Burdo bears the burden of proof in establishing her affirmative defense of qualified immunity. *See Vincent v. Yelich*, 718 F.3d 157, 166 (2d Cir. 2013). "A defendant advancing a qualified-immunity defense at the motion to dismiss stage 'faces a formidable hurdle.'" *Neary v. Wu*, No. 17-2876-PR, 2019 WL 668584, at *2 (2d Cir. Feb. 19, 2019)(quoting *McKenna v. Wright*, 386 F.3d 432, 434 (2d Cir. 2004)). "On such a motion, 'the plaintiff is entitled to all reasonable inferences from the facts alleged, not only those that support his claim, but also those that defeat the immunity defense.'" *Id.* (quoting *McKenna*, 386 F.3d at 436). "With the benefit of those inferences, [the Court] then ask[s] whether the plaintiff has pled 'facts showing (1) that the official violated a . . . constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct.'" *Id.* (quoting *Ganek v. Leibowitz*, 874 F.3d 73, 80 (2d Cir. 2017) (internal quotation marks omitted)).

#### 1. Deliberate Indifferent to a Serious Medical Need

Defendants first contend that Magistrate Judge Baxter erred because "the

allegations of the complaint are insufficient to plausibly allege deliberate indifference to a serious medical need." Obj. at 3. In making this objection, defendants rely on "the reasons set forth in [defendants'] memorandum of law in support of the underlying motion." *Id.* (citing Dkt. # 24-1 at 5-9). Because this objection is merely a reiteration of the arguments submitted to the magistrate judge, the Court reviews those portions of the Report-Recommendation related to this objection for clear error.

The Court finds that Magistrate Judge Baxter correctly concluded that the facts alleged by plaintiff support both the objective and subjective components of his Eighth Amendment inadequate medical treatment claim against Burdo. *See* Rep.-Rec., at 7-13. Further, the Court reaches the same conclusions when the issue is considered *de novo*. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004)("McKenna's allegation that he was denied urgently needed treatment for a serious disease because he might be released within twelve months of starting the treatment sufficiently alleges deliberate indifference to withstand a Rule 12(b)(6) motion."). Thus, the objection on this ground is overruled.

### 2. Personal Involvement

Next, defendants argue that Magistrate Judge Baxter erred in concluding that plaintiff adequately alleged Burdo's personal involvement in the alleged constitutional violation. Obj. at 4. Having conducted a *de novo* review of that portion of the Report-Recommendation to which this argument is addressed, the Court adopts Magistrate Judge Baxter's conclusion regarding Burdo's personal involvement. Rep.-Rec., at 10-11.

The Court agrees with Magistrate Judge Baxter that when accepting the allegations in the complaint as true, and drawing all reasonable inferences in plaintiff's favor, plaintiff presents a plausible claim that Burdo "was aware of the medical recommendation that plaintiff receive knee surgery, and affirmatively rejected it." *Id.*, at 10. Plaintiff's

allegations plausibly establish that the injury to his knee caused him "extreme pain" and made it "extremely difficult" for him to walk. *See* Compl. at 8; *id.* at 9. Thus, "his injury and the need for surgery were sufficiently serious." Rep.-Rec. at 11. Furthermore, plaintiff alleges that he told Burdo that he had experienced knee pain and difficulty walking for the previous two years, and that he had been scheduled for knee surgery at FCI Danbury, *see* Compl. at 9-10, but Burdo responded that "he was not going to get surgery done at tax payers [*sic*] expense." Compl. ¶ 10. It is a question of fact whether Burdo had the actual authority to deny plaintiff medical care, Rep.-Rec. at 11, but his allegations plausibly support the conclusion that "Burdo was aware of physician recommendations that he required knee surgery, but denied it in order to reduce taxpayer expense. . . ." *Id.* 12-13. Thus, "plaintiff has adequately alleged that defendant Burdo acted with deliberate indifference to his serious medical needs," *id.* at 13 (citations and quotation marks omitted), thereby supporting his Eighth Amendment claim against her. *See Neary*, 2019 WL 668584, at *2;[2] *Rodriguez v. Fed. Bureau of Prisons*, No. 9:10-CV- 013 (LEK/TWD), 2012 WL 6965109, at *9 (N.D.N.Y. Nov. 30, 2012) (Rep't-Rec), adopted 2013 WL 375537 (N.D.N.Y. Jan. 30, 2013) (denying motion to dismiss where allegation that medical director had denied authorization of plaintiff's knee surgery adequately asserted personal involvement). As Magistrate Judge Baxter stated, Burdo can challenge this determination on a summary judgment motion or at trial, Rep.-Rec., at 11, but for present purposes the objection on this ground is overruled.

---

[2]("The Supreme Court has established that deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's prohibition of cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed.2d 251 (1976). We have previously held that a prisoner-plaintiff establishes a 'serious medical need' where she suffered 'chronic pain the magnitude of which probably falls somewhere between 'annoying' and 'extreme.'" *Brock v. Wright*, 315 F.3d 158, 163 (2d Cir. 2003) (emphasis omitted). And in *McKenna v. Wright*, [386 F.3d 432 (2d Cir. 2004)], we found allegations that doctors failed to run required tests despite obvious symptoms, failed 'to initiate treatment when the need for treatment was apparent,' failed to arrange follow-up visits despite doctors' orders, and denied treatment based on flawed policies, were sufficient to defeat the doctors' qualified-immunity defense on a motion to dismiss. 386 F.3d at 437.")

### 2. Clearly Established

Defendants also argue that Magistrate Judge Baxter erred by defining the clearly established right at issue too broadly. Obj. at 7. In this regard, defendants contend that "the more particular inquiry required by strong Supreme Court precedent is whether it was clearly established in 2016 that telling an inmate with a torn ACL that he would have to pay for his own surgery after his release from prison would constitute deliberate indifference to a serious medical need. It was not; no Supreme Court or Second Circuit case has established that this type of comment constitutes deliberate indifference." *Id.*

The doctrine of qualified immunity "shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Reichle v. Howards*, 566 U.S. 658, 664 (2012). "A clearly established right is one that is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 136 S. Ct. 305, 314–15 (2015) (quoting *Saucier v. Katz*, 533 U.S. 194, 202 (2001)(internal quotation marks omitted)). Although the Supreme Court does not require that the exact actions have previously been held unconstitutional, "[r]ights must be clearly established in a 'particularized' sense, rather than at a high level of generality; and such rights are only clearly established if a court can 'identify a case where an offic[ial] acting under similar circumstances' was held to have acted unconstitutionally." *White v. Pauly*, —— U.S. ——, 137 S.Ct. 548, 5523, 196 L. Ed.2d 463 (2017); *see also Rodriguez v. Manenti*, 606 F. App'x 25, 26 (2d Cir. 2015).[3] "This exacting standard 'gives government officials breathing

---

[3]("Defendant argues that a reasonable official would not have realized that Plaintiff's knee injury constituted a serious medical need because district courts in this Circuit have found that the denial or delay of treatment for allegedly similar knee injuries did not violate (or clearly violate) an inmate's Eighth Amendment rights. This argument runs 'afoul of this Court's recognition that 'a court need not have passed on the identical course of conduct in order for its illegality to be clearly established.'")(quoting *LaBounty v. Coughlin*, 137 F.3d 68, 74 (2d Cir.1998)(alteration omitted), in turn quoting *Williams v. Greifinger*, 97 F.3d 699, 703 (2d
(continued...)

7

room to make reasonable but mistaken judgments' by 'protect[ing] all but the plainly incompetent or those who knowingly violate the law." *San Francisco, Calif. v. Sheehan*, ––– U.S. ––––, 135 S. Ct. 1765, 1774, 191 L. Ed.2d 856 (2015) (quoting *al-Kidd*, 563 U.S. at 744); *see Grice v. McVeigh*, 873 F.3d 162, 166 (2d Cir. 2017) (qualified immunity standard is forgiving, protecting all but those who are plainly incompetent or who knowingly violate the law) (citations omitted). To deny an application for qualified immunity, the Court must find the contours of the right are "'sufficiently definite that any reasonable official in [the defendant's] shoes would have understood that [s]he was violating it,' meaning that 'existing precedent ... placed the statutory or constitutional question beyond debate.'" *Sheehan*, 135 S. Ct. at 1774 (quoting *al-Kidd*, 563 U.S. at 741).

Defendants define Burdo's conduct allegedly violating plaintiff's Eighth Amendment rights too narrowly. Plaintiff does not allege that Burdo violated his Eight Amendment rights because she told him that he would have to pay for his own surgery after his release from prison. Rather the allegation is that Burdo's statement evidenced an affirmative rejection of a medical recommendation that plaintiff receive knee surgery to alleviate a serious medical condition. Rep.-Rec. at 10, 12. This conduct rises to a plausible Eighth Amendment violation because it indicates that Burdo was deliberately indifferent to plaintiff's need for necessary and adequate medical treatment to address his serious need. *See McKenna*, 386 F.3d at 437; *Neary*, 2019 WL 668584, at *2.

"The right to be free from deliberate indifference to a serious medical need has been clearly established at least since the Supreme Court's decision in *Estelle v. Gamble*, 429 U.S. 97 (1976)." *Neary v. Naqvi*, No. 3:14-CV-001631-VLB, 2017 WL 3205471, at *15 (D. Conn. July 27, 2017). Thus, at the time of the alleged violation, it was clearly

---

[3](...continued)
Cir.1996)).

established that to succeed on a claim for the unconstitutional denial of medical care, "it is enough for the prisoner to show deliberate indifference to serious medical needs." *Hathaway v. Coughlin*, 841 F.2d 48, 50 (2d Cir.1988). "'[T]he question remains whether the contours of the right were sufficiently clear that a reasonable official would understand that what [s]he did violates that right.'" *Rodriguez v. Manenti*, 606 F. App'x 25, 26 (2d Cir. 2015) (quoting *LaBounty v. Coughlin*, 137 F.3d 68, 74 (2d Cir.1998)). "Accordingly, [the Court] address[es] only whether 'the evidence is such that, even when it is viewed in the light most favorable to the plaintiff[ ] and with all permissible inferences drawn in [his] favor, no rational jury could fail to conclude that it was objectively reasonable for the defendant[ ] to believe that [she was] acting in a fashion that did not violate a clearly established right.'" *Id.* (quoting *Williams v. Greifinger*, 97 F.3d 699, 703 (2d Cir.1996)).

"A serious medical need exists where 'the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.'" *Id.* (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir.1998) (internal quotation marks omitted)). The Second Circuit has referred to a non-exhaustive list of factors to guide a court in its estimation of the seriousness of a prisoner's medical condition. *Id.* (citing *Brock v. Wright*, 315 F.3d 158, 162 (2d Cir. 2003)). This list includes: "(1) whether a reasonable doctor or patient would perceive the medical need in question as important and worthy of comment or treatment, (2) whether the medical condition significantly affects daily activities, and (3) the existence of chronic and substantial pain." *Brock*, 315 F.3d at 162 (internal quotation marks omitted).

Accepting plaintiff's allegations as true, Burdo was aware that plaintiff's knee injury caused him chronic pain and extreme difficulty walking, that an MRI showed a chronic ACL tear, and that a surgeon and an orthopedist who consulted with plaintiff while he was at two different BOP facilities recommended surgery. At the time that Burdo allegedly

9

denied plaintiff's surgery request, "it was clearly established that 'that the Eighth Amendment forbids not only deprivations of medical care that produce physical torture and lingering death, but also less serious denials which cause or perpetuate pain.'" *Rodriguez*, 606 F. App'x at 27 (quoting *Brock*, 315 F.3d at 163 (internal quotation marks omitted) (rejecting the proposition that "only 'extreme pain' or a degenerative condition would suffice to meet the legal standard" for a "serious medical condition")). Taking the record in the light most favorable to plaintiff, "a reasonable juror might find that a reasonable official would have realized that denying plaintiff's surgery request would cause or perpetuate [his] pain for an intolerably long period." *Id.* (citing *Brock*, 315 F.3d at 163)(internal quotation marks and citations omitted). The Second Circuit's prior decision in *Johnson v. Wright*, 412 F.3d 398 (2d Cir. 2005), "informed Defendant that [s]he could be held liable for deliberate indifference to Plaintiff's serious medical need" where physicians had advised plaintiff that surgery was the medically appropriate course of treatment, and defendant "did not take steps to verify that 'it would be medically appropriate to ignore' the advice of Plaintiff's treating physician[s]." *Rodriguez*, 606 F. App'x at 28 (quoting *Johnson*, 412 F.3d at 404). The contours of plaintiff's right to appropriate and adequate medical treatment under the circumstances were sufficiently clear that a reasonable official would understand that what Burdo did violates that right.

If the facts established on summary judgment or at trial demonstrate that Burdo did not have the authority to deny the surgery, that her statement did not amount to denial of the surgery, or that surgery while plaintiff was at FCI Raybrook was not medically required to alleviate chronic pain, then she may be entitled to qualified immunity. At this stage of the litigation, however, the existence of disputed facts prevent its application. Accordingly, the objection on this ground is overruled.

### b. Claims against Unnamed Defendants

Defendants contended that Magistrate Judge Baxter erred by recommending against dismissing the unnamed John Doe defendants because discovery has not yet commenced. They argue that this recommendation "overlooks the fact that plaintiff has several avenues available to him other than discovery within the context of litigation" to learn the identities of these defendants. Obj., at 9. Defendants also contend that Magistrate Judge Baxter erred by failing to "address the argument that this Court should dismiss the claims against the John Doe defendants because it would lack personal jurisdiction over them, given that they are described as medical personnel at MDC Guaynabo (in Puerto Rico), at FCI Fort Dix, and at FCI Danbury." *Id.*

Magistrate Judge Baxter explained that, although plaintiff has been warned that he must take reasonable steps to ascertain these defendants' identities and that the court may not be able to exercise jurisdiction over them because it appears "unlikely that any . . . reside in the Northern District of New York, ... dismissal at this early stage of a proceeding, when plaintiff has not yet had an opportunity for discovery or the potential for transfer to another district is unclear, would be premature." Rep.-Rec. at 5 (citing *Minette v. Timer Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993) (holding that it was an improper exercise of discretion to dismiss rather than transfer when the statute of limitations on a timely filed complaint ran between filing and dismissal); *Robinson v. Brown*, No. 9:11-CV-758 (TJM/DEP), 2012 WL 6799725, at *21 (N.D.N.Y. Nov. 1, 2012) (Rep't -Rec), *adopted*, 2013 WL 69200, at *1 (N.D.N.Y. Jan. 4, 2013) ("The purpose of the court's discretionary authority to transfer rather than dismiss in cases of improperly laid venue is 'to eliminate impediments to the timely disposition of cases and controversies on their merits."). The Court agrees with and adopts Magistrate Judge Baxter's recommendation. Accordingly, the objection related to the unnamed defendants is overruled.

## IV. CONCLUSION

For the reasons discussed above, the Court **ACCEPTS** and **ADOPTS** the recommendations in Magistrate Judge Baxter's Report-Recommendation, Dkt. No. 26, in their entirety. Therefore, it is hereby

**ORDERED** that defendants' motion to dismiss (Dkt. No. 24) is **DENIED**, and it is further

**ORDERED** that plaintiff's request for injunctive relief (Dkt. No. 1) is **DISMISSED** *sua sponte* **as moot**.

**IT IS SO ORDERED.**

Dated: March 4, 2019

_____
Thomas J. McAvoy
Senior, U.S. District Judge