**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ENDER OSORIO-PIZARRO,**

                                        **Plaintiff,**

         **v.**                                                    **9:16-CV-156**
                                                                   **(TJM/ATB)**

**KIM BURDO,** *et al.,*

                                        **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


### DECISION and ORDER

## I.      INTRODUCTION

Plaintiff brings this action *pro se* pursuant to *Bivens v. Six Unknown Narcotics Agents*, 403 U.S. 388 (1971), alleging that defendants violated his constitutional right to adequate medical care. *See* Complaint ("Compl."), Dkt. No. 1.  Presently before the Court is Defendant Kim Burdo's motion for summary judgment pursuant to Fed. R. Civ. P. 56 seeking to dismiss the Complaint in its entirety.  Dkt. Nos. 57-59.  The matter was referred to the Hon. Andrew T. Baxter, United States Magistrate Judge, for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).  Judge Baxter recommends that the motion be granted and the Complaint dismissed in its entirety.  *See* March 25, 2021 Report-Recommendation (Rep.-Rec.), Dkt. No. 64.  He recommends dismissal of the Complaint against Defendant Burdo based on her lack of personal involvement in any conduct which may have risen to the level of an Eighth Amendment

violation, and dismissal of any claims against the Doe Defendants because Plaintiff has failed to identify the Doe Defendants despite having adequate time and opportunity to do so and because the claims against these defendants are now time barred under both federal and state law.  *See id.*  Plaintiff filed late objections, which the Court will consider. *See* Dkt. 65.

## II.    STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *See* 28 U.S.C. § 636(b)(1).  "[O]bjections . . . must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Machicote v. Ercole*, 2011 WL 3809920, at * 2 (S.D.N.Y., Aug. 25, 2011)(citations and interior quotation marks omitted). After reviewing the report and recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

## III.    DISCUSSION

Plaintiff's first objection is to Judge Baxter's recommendation to dismiss the claims against the Doe Defendants.  Citing to Fed. R. Civ. Proc. 8(a)(2)'s requirement that a complaint need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, to the pleading standard holding that a court must accept the

2

material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor, and to case law requiring a court to construe a *pro se* complaint liberally and interpret it to raise the strongest argument it suggests, *see* Dkt. 65 at p. 2, Plaintiff contends:

> Herein, the Magistrate Judge's Report And Recommendations gleanably [sic] shifts the burden to the plaintiff saying that the complaint fails to identify specific other third party possible defendant's [sic], in which, is outside the specific requirement and/or legal guidance in the Second Circuit because liberally construed means to the facts as alleged without adding other scenario(s), speculation(s), account(s) or thought(s) except to the matter as written, presented and explained within the complaint; and, therefore, has objectively created another standard or requirement to review when the case law precedent of the Second Circuit is clear.
>
> The plaintiff now Objects to the Report And Recommendations since Fed R Civ Proc. 8 (a)(2) is clear as well as specific on the plaintiff [sic] requirements.

*Id*. at pp. at 2-3.

Plaintiff misconstrues the Rule 56 standard which was correctly set forth by Judge Baxter at pages 1-3 of the Report and Recommendation.  Furthermore, Judge Baxter correctly sets forth at pages 15-16 of the Report and Recommendation the standard for addressing motions to dismiss Doe defendants who have not, as here, been identified after discovery has been concluded or served within the applicable statute of limitations. Judge Baxter correctly applied this standard in recommending that the claims against the Doe defendants be dismissed.  *See* Rep.-Rec. at pp. 17-20.  Plaintiff's reliance on the pleading standard and his *pro se* status are insufficient to demonstrate any error in Judge Baxter's analysis relative to the Doe defendants.  Accordingly, Plaintiff's objection in this regard is overruled.

3

Plaintiff's second objection is that because English is not his first language, his language barrier prevents him from effectively participating in this litigation. *See* Dkt. 65 at 3-4. Plaintiff presented this same argument to Judge Baxter who found that "plaintiff's language barrier has not prevented plaintiff from participating in this litigation to date, as the docket reflects his adequate ability to draft pleadings, prepare motion papers, and participate in court conferences." Rep.-Rec. at 18-19 (citing *Pilao Ong v. Park Manor (Middletown Park) Rehab. & Healthcare Ctr.*, No. 12-CV-974, 2012 WL 13195947, at *3 (S.D.N.Y. July 23, 2012) ("Courts have noted that the mere existence of a language barrier does not mean that a [P]laintiff will necessarily have difficulty investigating, prosecuting, or presenting his . . . claims . . . . A plaintiff's "difficulty with the English language or the fact that he does not speak English as a first language is not commensurate with an inability to understand English.")(alterations in original) (internal quotations and citation omitted)). Furthermore, Judge Baxter found that "[s]ince plaintiff was released from federal custody, he has neither renewed his request that this court appoint him counsel, nor is there evidence that he has attempted to retain private counsel." *Id.* at 19.

The Court agrees with Judge Baxter that Plaintiff's language barrier has not prevented him from effectively participating in this litigation. The docket reflects, *inter alia*, that Plaintiff's motion papers, including the instant objections, are clearly and coherently composed and contain citations to legal authorities for the points Plaintiff is attempting to make. The Court finds that Plaintiff has sufficient English proficiency to proceed effectively in this matter. Plaintiff has also not reapplied for appointment of counsel which

4

potentially could have aided him with any difficulties he might have experienced in presenting his case.

Moreover, to the extent Plaintiff is contending that Judge Baxter should have *sua sponte* appointed him an interpreter or translator, "'[g]enerally, *pro se* civil litigants have no entitlement to an interpreter or translator.'" *Cisnevas-Garcia v. Shipman*, No. 9:10-CV-179, 2010 WL 3491359, at *5 (N.D.N.Y. Aug. 31, 2010)(quoting *Fessehazion v. Hudson Group*, No. 08 Civ. 10665, 2009 WL 2596619, *2 (S.D.N.Y. Aug. 21, 2009)(citations omitted), *reconsideration granted on other grounds*, 2009 WL 2777043 (S.D.N.Y. Aug. 31, 2009)); *see id.* ("Although the Court has granted Plaintiff *in forma pauperis* status, '[t]here is no specific statute which authorizes the court to appoint an interpreter in civil *in forma pauperis* actions.'")(quoting *Mendoza v. Blodgett*, No. C–89–770–JMH, 1990 WL 263527, *15 (E.D.Wash. Dec. 21, 1990)); *Gonzalez v. Coburn*, No. 16-CV-6174-MAT-JWF, 2018 WL 4608205, at *1 (W.D.N.Y. Sept. 25, 2018)("'[T]here is no specific statute which authorizes the court to appoint an interpreter in civil *in forma pauperis* actions.'")(quoting *Velez v. Surge*, No. 08-806, 2009 WL 3459744, at *2 (W.D.N.Y. Oct. 20, 2009)).  Because Plaintiff has demonstrated sufficient proficiency with English to effectively proceed in this matter, Judge Baxter did not err in failing to *sua sponte* appoint Plaintiff an interpreter or translator.  Plaintiff's objection in this regard is overruled.

Plaintiff's third objection appears to be that Judge Baxter should not have considered all of the exhibits attached to Assistant United States Attorney ("AUSA") Lesperance and Defendant Burdo's declarations because these declarants did not have

personal knowledge of the substance of each exhibit. *See* Dkt. No. 65 at 4-5.[1]  The

exhibits attached to these declarations are of the type that a court may rely upon without

the proponent having personal knowledge of the contents of each exhibit.[2]  While a court

may not rely on hearsay statements contained in the exhibits, Plaintiff does not identify

where it is that Judge Baxter relied upon hearsay statements as opposed to sworn

---

[1]Plaintiff asserts:

> Lastly, the principles of law are quite clear and expressive when it comes to pleadings that
> are labeled Declaration(s) as in the present case. Fed R Civ Proc. 56 (e) makes it clear that
> an affidavit or verified complaint must be based upon personal knowledge. The declarations
> of both AUSA Lesperance and Defendant Burdo, have failed to meet that burden since within
> such declarations there are only annexed Memorandum(s), Consult Form(s), Institutional
> Record(s), Deposition of Ender Osorio-Pizarro (Plaintiff), Claim Acknowledgement (Exhibit
> 12) and Classification Records (Exhibit 9); however, yet, nothing more that doesn't identify or
> acknowledges someone with personal of the knowledge besides the plaintiff, although,
> Exhibit's 9 & 12 confirm and comport to the accusations as alleged within the complaint.

Dkt. No. 65 at 4-5.

[2]The exhibits to AUSA Lesperance's declaration consist of Plaintiff's Complaint, Plaintiff's deposition
transcript, records concerning Plaintiff's Administrative Remedy requests and appeals, records concerning
Plaintiff's SF-95 Claim for Damage, Injury, or Death, a Bureau of Prisons ("BOP") Transfer Order
documenting Plaintiff's transfer from FCI Danbury to FCI Ray, Plaintiff's medical records and an English
translation of the medical records that are in Spanish, and a copy of the BOP's Southeast Regional Office's
certified letter to Plaintiff denying his Administrative Tort Claim.

The exhibits to Defendant Burdo's declaration consist of the BOP's Program Statement 6010.05 relating to
"Health Services Administration" as it existed at the relevant times, the BOP's Program Statement 6301.01
which governs patient care within the BOP and the BOP's Patient Care Program Statement, the BOP's
Guidelines relating to Management of Anterior Cruciate Ligament injuries, various medical records related to
Plaintiff's complaints of right knee pain, a BOP record showing Plaintiff's Inmate History including his
transfers between facilities, BOP's approval at FCI Fort Dix of an offsite medical procedure to repair a torn
ACL, documents showing Plaintiff's transfer to FCI Danbury before approval was obtained from the Regional
IOP pursuant to InterQual criteria of the offsite medical procedure, medical records of Plaintiff's treatment at
FCI Danbury, BOP records showing Plaintiff's transfer to FCI Ray Brook, medical records related to Plaintiff's
treatment at FCI Ray Brook, Plaintiff's BOP record showing Plaintiff's release to a halfway house, BOP
records showing his Administrative Remedy request at FCI Ray Brook, a record showing Defendant Burdo's
response to the Administrative Remedy request in which she directed that Plaintiff be made a care level 2 so
that the process for clearing him for surgery and transferring him to a medical facility could be continued,
records showing that Plaintiff's case manager submitted a request for Plaintiff to be transferred to a care level
2 facility but also showing that the request was denied because Plaintiff had a pending disciplinary charge
resulting from the alleged discovery of drugs in this cell at FCI Danbury that had been referred to the U.S.
Attorney's Office for prosecution, records showing a request to transfer Plaintiff to a care level 2 facility after
the U.S. Attorney's Office declined to prosecute and the disciplinary charges were expunged, and records
showing Plaintiff's transfer to a halfway house a few weeks after the last request was made to transfer him to
a level 2 facility.

statements based upon personal knowledge in reaching his recommendations.

To the extent Plaintiff is arguing in his third objection that Exhibits 9 and 12 to AUSA Lesperance's declaration support his defense and defeat summary judgment, the argument is without merit.  Exhibit 12 is a May 28, 2015 U.S. Dept. of Justice, Federal Bureau of Prisons certified letter denying Plaintiff's Federal Tort Claims Act claim for monetary damages due to a delay in Plaintiff receiving surgery on his knee.  Exhibit 9 is an August 10, 2015 BOP Transfer Order transferring Plaintiff from FCI Danbury to FCI Ray Brook.  While Exhibit 12 indicates that Plaintiff's Federal Tort Claims Act claim was denied because, in part, medical staff at FCI Danbury was preparing Plaintiff for knee surgery, and while Exhibit 9 indicates that Plaintiff was transferred to FCI Ray Brook shortly thereafter, these facts do not contradict Judge Baxter's conclusions that: Burdo was not involved in Plaintiff's medical treatment at any time prior to his arrival at FCI Ray Brook in August 2015; Burdo had no part in the decision to transfer Plaintiff "from FCI Danbury to FCI Ray Brook – a care level one institution that was not capable of providing knee surgery to plaintiff;" that Burdo first became aware of Plaintiff's complaints about the delayed surgery upon receipt of Plaintiff's administrative remedy request in December 2015 and took action upon that request "within approximately seven days – acknowledging that plaintiff should have been under a medical hold at his prior institution and redesignating him as a care level two in order to continue the process for his surgical clearance;" as a result of Burdo's determination, "plaintiff's case manager submitted a request for transfer, but the request was denied because of plaintiff's pending disciplinary action [although] [t]he transfer request was renewed in February 2016, after the disciplinary charges were expunged;" and that Plaintiff "was released from custody only a

few weeks later." Rep.-Rec. at 13-14.  Furthermore, the information contained in Exhibits 9 and 12 does not contradict Judge Baxter's conclusion that "the evidence reflects that [FCI Ray Brook Health Services Administrator ("HSA")] Burdo timely responded to plaintiff's complaint, and resolved, in plaintiff's favor, to move him to a higher care level facility in order to obtain surgical approval." *Id*. at 14.  It also does not call into question Judge Baxter's ultimate conclusion that:

> Plaintiff has failed to raise a question of fact as to how HSA Burdo's resolution of his administrative request amounted to a constitutional violation. HSA Burdo attests that, in her administrative role, she did not have the unilateral authority to approve plaintiff for surgery. (Burdo Decl. ¶¶ 50-51). Likewise, there is no indication that HSA Burdo had any involvement in or control over the decision to deny plaintiff's transfer to a care level two facility, nor did she have any control over the status of plaintiff's disciplinary proceedings. Even assuming these actions thwarted plaintiff's opportunity to have surgery and amounted to deliberate indifference to plaintiff's serious medical need, HSA Burdo may not be held personally responsible for them. *See Jackson v. Sheehan*, No. 16-CV-6710, 2021 WL 795313, at *6 (W.D.N.Y. Mar. 2, 2021) ("Thus, [the defendants], having performed their functions with respect to plaintiff's complaint to the limits of their authority, 'had no further responsibility to resolve it.'")(quoting [*Tangreti v. Bachmann*, 983 F.3d 609, 620 n. 7 (2d Cir. 2020)]).

Rep.-Rec. at 14-15.

For these reasons, Plaintiff's third objection is overruled.

## IV.   CONCLUSION

For the reasons discussed above, the Court **ACCEPTS and ADOPTS** Judge Baxter's recommendations in the March 25, 2021 Report and Recommendation, Dkt. No. 64, for the reasons stated therein.  Accordingly, it is hereby

**ORDERED** that defendant Burdo's motion for summary judgment (Dkt. Nos. 57-59) is **GRANTED**, and the plaintiff's complaint is **DISMISSED IN ITS**

**ENTIRETY**.

The Clerk of the Court may close the file in this matter.

**IT IS SO ORDERED.**

Dated: September 27, 2021

Thomas J. McAvoy
Senior, U.S. District Judge